Russell A. Gold, Esq. (SBN: 179498)
 *rgold@gomeztrialattorneys.com*
Victoria J. Lazar, Esq. (SBN: 298668)
 *vlazar@gomeztrialattorneys.com*
**GOMEZ TRIAL ATTORNEYS**
655 W. Broadway, Suite 1700
San Diego, CA  92101
Telephone:  (619) 237-3490
Facsimile:   (619) 237-3496

Attorneys for Plaintiff
Rhonda G. Cozad

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA G. COZAD, an individual, | Case No: **'16CV1960 H    KSC** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

## JURISDICTION AND VENUE

1. This is an action arising under the Federal Tort Claims Act.  28 U.S.C. §§ 2671 *et seq*.  This Court has subject matter jurisdiction for this case pursuant to 28 U.S.C. § 1346 (b).

/ / /

/ / /

-1-

**COMPLAINT FOR DAMAGES**

2. On June 12, 2014, plaintiff Rhonda Cozad was lawfully riding her motorcycle northbound on Old Highway 395, just south of Rainbow Valley Boulevard in San Diego County. United States Postal Service employee, Kathi Mortensen Frantzich, was driving a Ford Utilimaster vehicle owned by the United States Postal Service and traveling westbound on the driveway at 2525 Old Highway 395. Ms. Frantzich made an unsafe, left hand-turn from the driveway across Old Highway 395 directly in front of Ms. Cozad's motorcycle causing a collision. Further, according to the traffic collision report for this incident, the left, rear window behind driver Frantzich's door was covered in a "film of dirt," decreasing visibility through the window.

3. As a result of the collision, plaintiff Rhonda Cozad suffered severe injuries, including but not limited to, blunt trauma, lacerations, left humerus fracture, nondisplaced right and left rib fractures, left sternal costochondral junction fracture, bilateral scapular body fractures, left transverse process fractures at the L1, L3 and L4 levels, right brachial plexus injury, injury to ulnar and radial nerves, abdominal contusion, and acute blood loss.

4. Based on information and belief, Kathi Mortensen Frantzich was acting within the course and scope of her employment with the United States Postal Service when she caused this collision.

5. Venue is proper in the United States District Court for the Southern District of California because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**PARTIES**

6. Plaintiff Rhonda G. Cozad is a citizen of the United States and a resident of Temecula, California at the time of the incident.

7. Plaintiff is informed and believes that at the time of the incident, the driver, Kathi Mortensen Frantzich ("Frantzich") was employed by the United States Postal Service (USPS), and resided in Fallbrook, California. Thus, the United States of America is the proper party defendant in this case.

GOMEZ TRIAL ATTORNEYS

-2-

**COMPLAINT FOR DAMAGES**

8.  Plaintiff is informed and believes that defendant United States of America is, and at all relevant times herein was, a governmental entity, organized pursuant to the Constitution of the United States.

9.  Plaintiff is informed and believes that defendant United States of America is vicariously liable for the negligent acts of USPS employee Kathi Mortensen Frantzich, who was acting in the course and scope of her employment as an officer, employee, or servant of defendant United States of America at all relevant times herein alleged.

## PROCEDURAL ALLEGATIONS

10.  On or about April 19, 2016, plaintiff served on defendant United States of America a Claim for Damage and Injury pursuant to the Federal Tort Claims Act 28 U.S.C. § 2671 et seq.

14.  To date, plaintiff has not received a written denial of their Claim within the time for defendant to respond.

15.  In accordance with 28 U.S.C. § 2675(a), plaintiff now files this action.

## GENERAL ALLEGATIONS

16.  As set forth above, on June 12, 2014, USPS employee Frantzich made an unsafe, left hand-turn from a driveway across Old Highway 395 and caused a collision with plaintiff resulting in severe injuries.

17.  USPS employee Frantzich caused the accident that injured plaintiff because, among other things, Frantzich failed to exercise reasonable care while driving, failed to look out for the safety of other drivers, and failed to yield the right of way to plaintiff as plaintiff was lawfully operating her motorcycle.  Plaintiff is thus informed and believes that, among other things, USPS employee Frantzich violated Section 21804(a) of the California Vehicle Code.

18.  Based on information and belief, USPS employee Frantzich was acting in the course and scope of her employment for USPS at the time of the incident, and thus the United States of America is the proper party defendant in this case.

/ / /

## FIRST CLAIM FOR RELIEF

### (Plaintiff's Claim for Negligence under 28 U.S.C. § 1346(b) Against Defendant UNITED STATES OF AMERICA)

19. Plaintiff hereby incorporates each and every allegation contained in Paragraphs 1 through 18 above as though fully set forth herein.

20. At all relevant times herein alleged, the employees, agents and servants of defendant United States of America had a duty to act with reasonable and due care for the safety of others on the roadways and in not causing harm or bodily injury to others such as plaintiff Rhonda G. Cozad.

21. On June 12, 2014, defendant United States of America, by and through its employee and agent Frantzich, breached its duty of care by failing to use reasonable care when operating a vehicle including failing to yield the right of way to oncoming traffic.

22. Defendant's employee Frantzich knew or should have known in the exercise of reasonable care that her acts and omissions as alleged herein would result in harm to the public in general, and did in fact cause plaintiff to sustain serious and permanent injuries as alleged above.

23. The acts and omissions by Frantzich acting in the course and scope of her employment for defendant United States of America as herein alleged, was the legal cause of plaintiff's damages in this case.

24. As a proximate cause of the wrongful acts of defendant's employee while acting within the scope and course of her employment, plaintiff suffered the losses and harm alleged herein.

25. As a direct and proximate result of the negligent acts and omissions of defendant's employee while acting within the course and scope of her employment, plaintiff has suffered general and special damages, all in an amount according to proof at trial.

/ / /

# SECOND CLAIM FOR RELIEF

## (Plaintiff's Claim for Negligence Per Se under 28 U.S.C. § 1346(b) Against UNITED STATES OF AMERICA)

26. Plaintiff hereby incorporates each and every allegation contained in Paragraphs 1 through 25 above as though fully set forth herein.

27. California Vehicle Code Section 21804(a) states: "The driver of any vehicle about to enter or cross a highway from any public or private property. . . shall yield the right way of way to all traffic. . . approaching on the highway close enough to constitute an immediate hazard, and shall continue to yield the right of way to that traffic until he or she can proceed with reasonable safety."

28. On June 12, 2014, among other things, defendant's employee Frantzich failed to yield the right-of-way to plaintiff Cozad before defendant's employee caused the collision resulting in serious and permanent injury.

29. Defendant, by and through its employee Frantzich, thus at a minimum violated Section 21804(a) of the California Vehicle Code.

28. The acts and omissions of defendant's employee Frantzich, acting in the course and scope of her employment as herein alleged, was the legal cause of plaintiff's injuries and damages in this case.

29. As a direct and proximate result of the negligent acts and omissions of defendant's employee while acting within the course and scope of her employment, plaintiff suffered general and special damages, all in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against defendant United States of America as follows:

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial;
3. For incidental damages;
4. For attorneys' fees as and if permitted by law;

5. For prejudgment interest as and if permitted by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

DATED: August 4, 2016         **GOMEZ TRIAL ATTORNEYS**

By:   s/ Russell A. Gold
    Russell A. Gold, Esq.
    Victoria J. Lazar, Esq.
    Attorneys for Plaintiff
    Rhonda G. Cozad